OPINION OF THE COURT
Stanley H. Nason, J.
Petitioners own premises 71-73 Franklin Street, New York, New York. Respondents are tenants in possession of units in the building. It is undisputed that at one time, the building was used exclusively for commercial loft purposes. At the inception of the instant litigation, continuing to date, no certificate of occupancy for the structure has or had been issued, although the building has and had a multiple dwelling registration number. It is conceded that the building contains three or more residential units and is and was a de facto multiple dwelling at times critical to this litigation.
After trial, the court makes the following findings of fact:
1. That the premises had been used for commercial purposes for some time prior to December 31,1973 but that *446 well in advance of that date six of the loft units had been converted to accommodate a residential use with the knowledge and consent, express or implied, of petitioners.
2. That as a result of the foregoing, the six residential units then extant were and are subject to the provisions of the rent stabilization law as supplemented by the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4).
3. In light of the finding that six residential units existed as of January 1, 1974, and that the premises are subject to the rent stabilization law, the petitions are defective for petitioners’ failure to allege membership in the Rent Stabilization Association as required by section 2900.21 of the rules of the Civil Court (22 NYCRR 2900.21).
The petitioner’s contention that the tenants are barred by res judicata and/or collateral estoppel from relitigating the rent stabilization question, by reason of an earlier decision of Judge Cahn in Lipkis v Silleck (Index No. 108236/79) is without merit. Judge Cahn did not resolve the issue but found that there was insufficient evidence to make a finding that the premises were or were not covered by rent stabilization. In view of Judge Cahn’s finding, this court is not foreclosed from making the instant determinations on the stabilization issues. Accordingly, the petitions must be and hereby are dismissed as against respondents Krugman, Jentis, Saunders and Silleck, who occupy residential units created prior to January 1, 1974.
As to respondent Epstein (the occupant of unit 2W), his unit was not converted to residential use until after January 1, 1974, and subdivision (5) of section 5 of the Emergency Tenant Protection Act (L 1974, ch 576, §4) excludes from coverage “housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four”.
I therefore find that the creation of a residential unit out of a unit previously used solely for commercial purposes constitutes a substantial rehabilitation of the space in *447 question after the January 1, 1974 effective date and such unit is not subject to the rent stabilization law (see Mayeri Corp. v Teisan, NYLJ, June 1, 1981, p 7, col 2).
As the owners of a de facto multiple dwelling, petitioners are required to obtain a certificate of occupancy pursuant to section 301 of the Multiple Dwelling Law. It is conceded that they do not as yet have such certificate. Tenants’ contention that; pursuant to section 302 of the Multiple Dwelling Law, the petitioners are forever precluded from recovery of rent accruing prior to the issuance of the certificate is rejected. In Lipkis v Pikus (99 Misc 2d 518) the Appellate Term declined to declare a rent forfeiture in a similar instance. The court therein stated (p 520): “While it is beyond dispute that this landlord was aware of and directly encouraged the conversions to residential lofts, it is equally clear from the inception of these tenancies, tenants knew, or should have known, by the very terms of their leases as well as the surrounding conditions, that their occupancy was illegal. Essentially, both sides were content to abide by this arrangement, apparently secure in the knowledge that the city was not diligently inspecting these properties. Having entered into possession fully cognizant of the existing realities, tenants should not now be permitted to reap the benefits of occupancy and, at the same time, avoid the payment of rent.”
Under the constraint of Lipkis v Pikus (99 Misc 2d 518, supra), the petitioners are entitled to a final judgment as against the respondent Epstein as prayed for in the petition with enforcement stayed until such time as the petitioners obtain a certificate of occupancy (see Mayeri Corp. v Starr, NYLJ, June 1, 1981, p 7, col 2).
Respondent’s claim of breach of the warranty of habitability must be rejected in the circumstances of this case because, at the time of the original letting, section 235-b of the Real Property Law had not been enacted, and no residential services were in fact bargained for, nor were such services to be provided by petitioners. That the law, effective August 1, 1975 and this court, at this time, declare this to be a residential letting carrying with it an *448 implied warranty of habitability can only have prospective effect.